UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY MICHELE LIVESAY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 17-14214

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER ADOPTING REPORT & RECOMMENDATION [20]; OVERRULING PLAINTIFF'S OBJECTION [21]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

Plaintiff Kimberly Livesay seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying her application for disability insurance benefits. Plaintiff, through counsel, filed a Motion for Summary Judgment [13] on April 30, 2018. Defendant filed a Motion for Summary Judgment [16] on July 30, 2018. On February 1, 2019, the Magistrate Judge issued a Report and Recommendation [20] ("R&R") recommending that the Court grant Defendant's Motion and deny Plaintiff's Motion. Plaintiff filed an Objection [21] to the R&R on February 15, 2019. Defendant filed a Response [22] on March 1, 2019.

For the reasons stated below, the Court **ADOPTS** the R&R [20]. Plaintiff's Objection [21] is **OVERRULED**. Plaintiff's Motion for Summary Judgment [13] is **DENIED**. Defendant's Motion for Summary Judgment [16] is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge summarized the record as follows:

### II.   Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on April 13, 2015, alleging that she has been disabled since March 10, 2013, due to degenerative osteoarthritis in her left knee, debilitating migraine headaches, costochondritis, a bad lower back, and anxiety attacks. The Social Security Administration denied Plaintiff's claims on August 3, 2015, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge (ALJ). On September 29, 2016, Plaintiff amended her alleged onset date to April 26, 2013, and appeared with a representative and testified at a hearing before ALJ Henry Perez, Jr. The ALJ subsequently issued an unfavorable decision on November 22, 2016, and the Appeals Council declined to review the ALJ's decision. Plaintiff then commenced this action for judicial review, and the parties filed cross dispositive motions, which are currently before the Court.

### III.  Hearing Testimony and Medical Evidence

Plaintiff and the ALJ have set forth factual summaries of Plaintiff's medical record and the hearing testimony. Defendant adopts the ALJ's recitation of the facts. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between Plaintiff's and the ALJ's recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary . . . .

## IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff did not engage in substantial gainful activity during the period from the amended alleged onset date of April 26, 2013, through the date last insured of March 31, 2016, and that Plaintiff suffered from the following severe impairments: migraine headaches, osteoarthritis of the left knee, degenerative disc disease of the lumbar spine, and obesity. The ALJ also found that Plaintiff had no severe mental impairments through the date last insured. Next, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that, through the date last insured, Plaintiff had the following residual functional capacity (RFC):

> [C]laimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasionally climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.

Subsequently, in reliance on the vocational expert's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from April 26, 2013, through the date last insured of March 31, 2016.

[R&R at 2-3] (internal citations omitted).

## STANDARD OF REVIEW

The Court reviews objections to a Magistrate Judge's R&R on a dispositive motion *de novo*. 28 U.S.C. § 636(b)(1)(c). However, vague, generalized objections are not entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection, or one that merely restates the arguments previously

presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Provided that the ALJ's conclusion is supported by substantial evidence, the Court must ". . . defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

## ANALYSIS

### I. Objection #1: The ALJ erred in his evaluation of treating physician opinion

The ALJ gave "some weight but not great weight" to the opinion of Plaintiff's primary care physician, Dr. Crump. Tr. 25. The ALJ explained that although Dr. Crump treated Plaintiff on several occasions during her alleged period of disability, the evidence simply did not support the "extreme degree of limitations [Dr. Crump] identified." *Id.*

Plaintiff argues that although the ALJ stated that he gave "some weight" to Dr. Crump's opinion, in reality, he gave it no weight. Plaintiff further argues that the ALJ failed to provide good reasons for the weight he did in fact give Dr. Crump's opinion.

Plaintiff's objection is without merit. In his decision, the ALJ laid out—in detail—the reasons why he assigned little weight to Dr. Crump's opinion. First, the ALJ noted that the fact that Plaintiff was active in swimming, exercising, and caring for others undermined the reliability of Dr. Crump's conclusions that Plaintiff could lift no more than 10 pounds, was unable to stand or walk for more than four hours in a day, and needed a 20-minute rest period every hour. Moreover, the ALJ explained that Plaintiff had no medically determinable impairments which would necessitate the need to avoid all exposure to chemicals, dusts, and fumes, as Dr. Crump opined. Finally, the ALJ noted that Dr. Crump's opinion appeared to be based primarily on Plaintiff's subjective reports from her September 2016 office visit instead of his medical judgment.

The ALJ thoroughly considered Dr. Crump's opinion and afforded it appropriate weight in light of its inconsistencies with the objective evidence of record. Plaintiff maintains that the fact that she can still perform simple functions does not necessarily mean that she is able to engage in substantial gainful activity. *Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967). While that may be true, the

ALJ in this case appropriately factored-in Plaintiff's performance of daily activities into his credibility assessment. As noted in the R&R, the ALJ "expressly discounted each of the limitations assessed by Dr. Crump that he did not adopt, and he provided good reasons for doing so." [R&R at 13]. Because the ALJ's RFC assessment was clearly supported by substantial evidence, Objection #1 is overruled.

**II. Objection #2: The Magistrate Judge agrees the ALJ believed Ms. Livesay had at least two headaches a month**

Plaintiff argues that the ALJ failed to consider the effect that having two migraines per month would have on her ability to meet employers' attendance requirements. Plaintiff further argues that the ALJ failed to consider the amount of time it took for medication to help with her migraines.

Plaintiff appears to be objecting on the grounds that the ALJ did not adequately assess her response to treatment. The record hardly supports this assertion. It would be absurd, as Plaintiff seems to suggest, to require the ALJ to make an express finding on the specific time-frame within which Plaintiff responded to treatment for her migraines.

Here, the ALJ found that Plaintiff's migraines, along with her other impairments, limited her work-related functional abilities, but nevertheless explained that the evidence as a whole did not support a finding that Plaintiff was incapable of performing light work. Tr. 24. The ALJ expressly acknowledged that the use of medications did not afford Plaintiff full relief from her migraines. The

ALJ went on to note, however, that Plaintiff admitted that she experienced a decrease in the frequency, duration, and severity of her migraines when she used trial medications during her participation in a medical study and was able to control some symptoms at their onset with narcotics.

The record clearly establishes that the ALJ's RFC assessment, which included a comprehensive discussion of Plaintiff's migraines and partially successful treatment, is supported by substantial evidence. As the Magistrate Judge explained:

> Here, the ALJ considered and discussed Plaintiff's reports of two to four migraines per month; the treatment Plaintiff used to relieve her symptoms, including narcotics, prophylactic medication, darkness, and use of a cold pack; and the reported triggers of her migraines – bright lights, weather changes, stress; and he found that Plaintiff's subjective complaints of disabling symptoms were inconsistent with her self-reported ability to exercise regularly despite the frequency of her migraines and her ability to control her migraines with narcotics as reported by her treating physician. Therefore, the ALJ applied the factors set forth in 20 C.F.R. § 404.1529(c)(3) and set forth legitimate reasons for discrediting Plaintiff's hearing testimony and subjective complaints in his decision, which reasons are properly supported by the record evidence in accordance with SSR 16-3p. Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the court how he evaluated the alleged effects of Plaintiff's migraines.

[R&R at 17]. Because the ALJ provided thorough reasons to support his finding that Plaintiff could perform light work notwithstanding the frequency and severity of her migraines, Objection #2 is overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [20] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [21] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [16] is **GRANTED**.

**SO ORDERED**.

Dated: March 14, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge